**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-2009
_____

JOHN F. ANDERSON,
                                        Appellant

v.

COMMISSIONER OF SOCIAL SECURITY
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civ. No. 2-18-cv-03625)
Magistrate Judge:  Honorable Norah McCann King
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
May 3, 2022
_____

Before:  GREENAWAY, JR., PORTER, and PHIPPS, *Circuit Judges*.

(Filed: May 24, 2022)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PHIPPS, *Circuit Judge*.

John Anderson claims that his obesity together with injuries to his neck, back, knee, and foot from a truck accident, along with his other digestive ailments, prevents him from working. Based on those conditions, he requested Disability Insurance Benefits from the Social Security Administration, proceeding through each of the four stages of administrative adjudication, including a hearing before an Administrative Law Judge.[1] At each stage, SSA denied Anderson's request, and he sought judicial review of that determination. The District Court upheld SSA's denial of benefits, and for the reasons below, we will affirm that judgment.

## I. BACKGROUND

To qualify for Disability Insurance Benefits, a fully-insured individual must be disabled. *See* 42 U.S.C. § 423(a)(1), (c)(1), (d) (2020). As defined by statute, a person is disabled if he or she cannot engage in substantial gainful activity due to a physical or mental impairment lasting without interruption for more than twelve months. *See id.* § 423(d). Applied to Anderson, who was fully insured until December 31, 2014, the inquiry becomes whether he was disabled as of that date.

Regulations promulgated by SSA set forth five steps for assessing disability. Under that process, a person may qualify as disabled through two partially overlapping paths: by prevailing at Steps One, Two, and Three, or alternatively by succeeding at Steps One, Two, Four, and Five. *See* 20 C.F.R. § 404.1520(a)(4) (2011).

---

[1] *See generally Smith v. Berryhill*, 139 S. Ct. 1765, 1772 (2019) (articulating the four stages of administrative review as an initial eligibility determination, reconsideration, a formal hearing, and review by the Appeals Council). *See also* 5 U.S.C. § 3105 (providing for the appointment of administrative law judges to conduct administrative hearings); *Cirko ex rel. Cirko v. Comm'r of Soc. Sec.*, 948 F.3d 148, 152 (3d Cir. 2020) (discussing the appointment of SSA administrative law judges).

Here, no one disputes that Anderson succeeds at Steps One, Two, and Four. At Step One, the ALJ determined that because he was not working, Anderson was not performing substantial gainful activity during the relevant time. *See* 20 C.F.R. § 404.1520(a)(4)(i) (articulating Step One as an evaluation of whether the applicant is performing substantial gainful activity). The ALJ also found in Anderson's favor at Step Two by concluding that he had several severe medical impairments that significantly limited his ability to perform basic work activities and were expected to last for more than one year. *See id.* §§ 404.1520(a)(4)(ii), 404.1509 (articulating Step Two as a determination of whether the applicant has a "severe medically determinable physical or mental impairment" that is expected to either result in death or "last for a continuous period of at least 12 months"). And at Step Four, the ALJ determined that Anderson could not return to past relevant work as a construction worker and construction supervisor considering his residual functional capacity, which did not allow him to perform medium or heavy work. *See id.* § 404.1520(a)(4)(iv) (articulating Step Four as a determination of whether the applicant can return to past relevant work, considering his residual functional capacity).

But the ALJ made findings against Anderson at Steps Three and Five. At Step Three, the ALJ found that none of Anderson's impairments, singularly or in combination, met or equaled a listing for a disability. *See id.* § 404.1520(a)(4)(iii) (articulating Step Three as an assessment of whether the applicant has a severe impairment that meets or equals a listed impairment and meets the same durational requirement as that in Step Two); *id.* § 404.1520(d) (stating that an applicant who meets the requirements of § 404.1520(a)(4)(iii) will be found "disabled without considering [his] age, education, and work experience"); *see also id.* Part 404, Subpart P, App. 1 (2011) (listing the

3

impairments that would render an applicant disabled at Step Three).  And at Step Five, the ALJ concluded that SSA met its burden, which it has for this step, of demonstrating that Anderson could adjust to other work, specifically light work, that exists in significant numbers in the national economy.  *See id.* § 404.1520(a)(4)(v), (g) (articulating Step Five as a determination of whether the applicant can adjust to perform other work); *id.* § 404.1560(c).  The ALJ's Step Three and Five determinations prevented Anderson from qualifying as disabled.

After the ALJ's adverse ruling and a later denial of Anderson's request for appellate administrative review, Anderson filed this civil action in District Court.  *See* 42 U.S.C. § 405(g) (providing for judicial review of "any final decision . . . made after a hearing" by SSA); 20 C.F.R. § 404.900(a)(5) (2017) (providing that an SSA decision becomes "final" when the applicant exhausts the four stages of administrative review).  Both Anderson and SSA consented to a referral to a Magistrate Judge, *see* 28 U.S.C. § 636(c); Fed. R. Civ. P. 73, and that judge affirmed SSA's denial of benefits.  Anderson timely appealed that judgment, bringing his suit within the jurisdiction of this Court.  *See* 28 U.S.C. § 1291.

## II. DISCUSSION

### A.    The Step-Three Challenge

On appeal, Anderson argues that the ALJ's Step-Three analysis failed to consider whether his obesity in combination with his other impairments met a listed disability.  At the administrative level, Anderson did not argue that his impairments met any particular listing.  That is not fatal to his ability to raise such a challenge in federal court.  Although

4

the Supreme Court has described SSA administrative proceedings as "adjudicative,"[2] they are not classically so[3] because they are "non-adversarial,"[4] and at times "inquisitorial."[5] Even so, ALJs must articulate their factual findings as part of an administrative record so that those findings may be judicially reviewed under the substantial-evidence standard. *See* 42 U.S.C. §§ 1383(c)(1)(A), 405(b)(1) (providing that an administrative decision must explain the facts, the administrative determination, and the reasons upon which that determination is based).[6] Despite the administrative record requirement, the other attributes of SSA administrative proceedings inhibit the application of the otherwise bedrock adjudicative principles of party presentation, waiver, and forfeiture. Accordingly, at the administrative level, an applicant's failure to identify a specific listing at Step Three does not preclude the applicant from later contending that his or her conditions met such a listing.

But once an unsuccessful applicant seeks judicial review of SSA's administrative decision, principles of party presentation, waiver, and forfeiture do apply. *See Sims v. Apfel*, 530 U.S. 103, 108–09 (2000) (recognizing that in the context of SSA appeals "appellate courts will not consider arguments not raised before trial courts"); *cf. TD Bank*

---

[2] *Biestek v. Berryhill*, 139 S. Ct. 1148, 1152 (2019).

[3] *See Carr v. Saul*, 141 S. Ct. 1352, 1363 (2021) (Thomas, J., concurring) (describing SSA proceedings as a "decidedly pro-claimant, inquisitorial process [that] is quite unlike an adversarial suit in which parties are expected to identify, argue, and preserve all issues").

[4] 20 C.F.R. § 404.900(b).

[5] *Sims v. Apfel*, 530 U.S. 103, 111 (2000) (plurality op.).

[6] *See also Camp v. Pitts*, 411 U.S. 138, 141 (1973) (explaining that substantial-evidence review is appropriate "when reviewing findings made on a hearing record"); *Burnett v. Comm'r of Soc. Sec. Admin.*, 220 F.3d 112, 119–20 (3d Cir. 2000) (explaining that substantial evidence review of bare conclusory statements is impossible).

5

*N.A. v. Hill*, 928 F.3d 259, 270 (3d Cir. 2019) (explaining that appellate courts "may affirm on any basis supported by the record, even if it departs from the District Court's rationale"). Thus, to preserve Step Three arguments for this Court's review, an applicant who did not succeed at the administrative level must, in district court, identify the specific listings and provide arguments that his or her conditions meet such a listing.

In this appeal, Anderson argues that he meets three specific listings and one group of listings due to the cumulative effect of his physical injuries, ailments, and obesity. The individual listings Anderson identifies are Listings 1.02 (describing major dysfunction of a joint), 1.04 (describing spine disorders), and 11.14 (describing peripheral neuropathies). The group of listings is those contained in Paragraph 5.00 (relating to the digestive system). By making those same arguments in District Court, Anderson preserved them. But none of those contentions are successful: the ALJ considered each of them, and substantial evidence supports the ALJ's conclusion that Anderson did not meet any listing. *See Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (explaining that the substantial-evidence threshold is satisfied if the record contains "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion" (internal citation and quotation marks omitted)).

Listing 1.02 requires an inability to ambulate effectively. *See* 20 C.F.R. Part 404, Subpart P, App. 1 Listing 1.02(A); *id.* Listing 1.00(B)(2)(b)(1)–(2) (defining ambulation as "an extreme limitation of the ability to walk" such that the individual is unable "to carry out activities of daily living"). But the ALJ determined that Anderson, despite his lower body injuries and obesity, could drive a car, travel on his own and grocery shop weekly, and the record contains adequate evidence to support that conclusion. *See Biestek*, 139 S. Ct. at 1154. Even if Anderson's obesity made walking more difficult,

substantial evidence still supported the ALJ's conclusion, especially here, where Anderson did not allege that his obesity affected his ability to work. Also, the ALJ adopted the conclusions of expert medical consultants who were aware of Anderson's obesity, so the ALJ's decision at least "constitutes a satisfactory if indirect consideration" of Anderson's obesity. *Rutherford v. Barnhart*, 399 F.3d 546, 553 (3d Cir. 2005).

Listing 1.04 requires nerve root compression, spinal arachnoiditis, or lumbar spinal stenosis that results in an inability to ambulate effectively. *See* 20 C.F.R. Part 404, Subpart P, App. 1 Listing 1.04(A)–(C). But in reviewing Anderson's medical records, the ALJ determined that he does not suffer from nerve root compression or spinal arachnoiditis. Those medical records, reinforced with the ALJ's other finding that Anderson could ambulate effectively despite his injuries and obesity, constitute substantial evidence that Anderson did not meet or equal Listing 1.04.

Listing 11.14 requires significant and persistent disorganization of motor function in two extremities "in spite of prescribed treatment." *See id.* Listing 11.14; *id.* Listing 11.04(B); *see also id.* Listing 11.00(C) (defining 'persistent disorganization of motor function' to require paresis or paralysis, involuntary movements, and sensory disturbances). The ALJ recognized that Anderson once complained of numbness in his right hand but observed that later examination revealed a normal grasp and stable functioning, and relevant evidence in the record supports his observation. *See Reefer v. Barnhart*, 326 F.3d 376, 379 (3d Cir. 2003) (describing substantial evidence as "sufficient evidence 'to justify, if the trial were to a jury, a refusal to direct a verdict'" (quoting *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 477 (1951))). Although one doctor found sensory loss in Anderson's foot shortly after he broke it, other medical consultants disagreed with that conclusion. But courts, on substantial-evidence review,

7

"are not permitted to re-weigh the evidence or impose their own factual determinations," so the differing views of the other medical consultants constitute substantial evidence in support of the ALJ's determination that Anderson failed to meet or equal Listing 11.14. *See Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 359 (3d Cir. 2011).

Finally, Paragraph 5.00 contains several listings related to various digestive ailments,[7] and Anderson argues that the ALJ did not consider any of them. But the record belies his contention. The ALJ considered Anderson's treatment for gastritis, gastric ulcers, mild esophagitis, hemorrhoids, and cholecystitis, as well as his gallbladder removal, but determined that his digestive impairments did not meet or equal a listed impairment in Paragraph 5.00. As for the listings that could be relevant to Anderson, his doctors found no evidence of gastrointestinal hemorrhaging, *see* 20 C.F.R. Part 404, Subpart P, App. 1 Listing 5.02, or inflammatory bowel disease, *see id.* Listing 5.06. That record evidence adequately supports the ALJ's finding that Anderson did not meet or equal a Listing in Paragraph 5.00. *See Biestek*, 139 S. Ct. at 1154.

Therefore, Anderson's Step Three challenge fails.

## B.     The Step-Five Challenge

At Step Five, the burden shifts to SSA to establish from the administrative record that the applicant can adjust to other work. *See Smith v. Comm'r of Soc. Sec.*, 631 F.3d 632, 634 (3d Cir. 2010). To satisfy that burden, SSA must demonstrate that three characteristics of the applicant – education, work experience, and residual functional capacity – allow him or her to perform jobs that exist in significant numbers in the

---

[7] *See, e.g.*, 20 C.F.R. Part 404, Subpart P, App. 1 Listing 5.02 (gastrointestinal hemorrhaging requiring a blood transfusion), Listing 5.05 (chronic liver disease), Listing 5.06 (inflammatory bowel disease), Listing 5.07 (short bowel syndrome), Listing 5.08 (weight loss caused by a digestive disorder), and Listing 5.09 (liver transplantation).

national economy. *See* 20 C.F.R. §§ 404.1560(c), 404.1569(a); *id.* Part 404, Subpart P, App. 2.

Here, the ALJ determined that Anderson was not disabled under Step Five because his residual functional capacity allowed him to perform light work. Anderson argues that substantial evidence does not support the ALJ's assessment of his residual functional capacity because the ALJ improperly discounted three pieces of evidence: the opinion of his treating podiatrist, his subjective accounts of pain, and the statements of his live-in companion. *See generally Biestek*, 139 S. Ct. at 1154 (explaining that the substantial-evidence standard requires only that the administrative record contain sufficient evidence for a reasonable mind to "accept as adequate to support a conclusion" (internal citation and quotation marks omitted)). In reviewing an ALJ's social security disability determination, a court cannot "re-weigh the evidence" or "substitute its conclusions for those of the fact-finder," and each of Anderson's arguments is premised on those impermissible actions. *Chandler*, 667 F.3d at 359; *Williams v. Sullivan*, 970 F.2d 1178, 1182 (3d Cir. 1992).

First, Anderson complains that the ALJ improperly discounted the opinion of his treating podiatrist. According to that podiatrist, Anderson's neuropathy and radiculopathy made it dangerous for him to work as working with those conditions could render him permanently disabled. But an ALJ is "free to accept some medical evidence and reject other evidence" as long as the ALJ "provides an explanation for discrediting the rejected evidence." *Zirnsak v. Colvin*, 777 F.3d 607, 614 (3d Cir. 2014); *see also Burnett v. Comm'r of Soc. Sec. Admin.*, 220 F.3d 112, 121 (3d Cir. 2000). In giving little weight to the podiatrist's opinion, the ALJ explained that it was vague and failed to identify "any specific work related functional limitations linked to [Anderson's]

9

impairments." SSA Office of Disability Adjudication and Review, ALJ Decision at 7 (July 31, 2017) (App. 39). That explanation suffices under the substantial-evidence standard. *See Williams*, 970 F.2d at 1182 (explaining that federal courts, on substantial-evidence review, may not "weigh the evidence or substitute its conclusions for those of the fact-finder").

Anderson's second argument attacks the reduced weight the ALJ afforded to Anderson's subjective complaints of pain. The ALJ explained the reason for discount: Anderson's statements about the intensity, persistence, and limiting effects of his symptoms were not entirely credible because they were inconsistent with medical and other evidence. *See* 20 C.F.R. § 404.1529(c)(2), (3). That explanation also suffices under the substantial-evidence standard. *See Chandler*, 667 F.3d at 359; *Williams*, 970 F.2d at 1182.

Finally, Anderson contends that the ALJ improperly discounted a report that Anderson's live-in companion submitted to SSA. Under then-applicable SSA policy, ALJs could consider "the relationship between the source and the individual" and "whether the opinion is consistent with other evidence," among other factors. Social Security Ruling, SSR 06-03p, 71 Fed. Reg. 45593, 45596 (Aug. 9, 2006), rescinded by 82 Fed. Reg. 15263, 15263 (Mar. 27, 2017); *see also* 20 C.F.R. § 404.1527(f) (requiring the ALJ to "explain the weight given to opinions from [non-medical] sources or otherwise ensure that [his] discussion of the evidence . . . allows a claimant or subsequent reviewer to follow the adjudicator's reasoning"). Consistent with that policy, the ALJ afforded some weight to that report but recognized that it "cannot be considered wholly objective" because it was prepared by "a close friend of the claimant." SSA Office of Disability Adjudication and Review, ALJ Decision at 8 (July 31, 2017) (App. 40). Thus,

the ALJ supported his credibility determination with permissible reasons for assigning the statements less weight than other pieces of evidence.

* * *

For the foregoing reasons, we will affirm the judgment of the District Court.